property which the taxpayer gave away during his life but in which he retained economic benefit until his death. Greene v. United States, 237 F.2d 848, (7 Cir. 1956). Considering the substance of the transaction, this is exactly what is presented in this case. Before the transaction, Mrs. Fain had a vested one-half interest in community property valued at more than two million dollars. Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252 (1930). After the transaction, Mrs. Fain had a life estate in property worth approximately the same as her vested interest in the community property and she had given the remainder interest to her children. The mere liquidation of her assets in the process of establishing a trust does not remove the corpus of the trust from the provisions of Section 2036.

The decision of the District Court is Affirmed.

Verlyn G. Marth, in pro. per.

Louis F. Oberdorfer, Asst. Atty. Gen., John B. Jones, Jr., Lee A. Jackson, Robert H. Solomon, Guy C. Tadlock, Dept. of Justice, Washington, D. C., for respondent.

Before DUNIWAY and ELY, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM:

The decision of the Tax Court is affirmed for the reasons stated in the memorandum, findings of fact and opinion of the Tax Court.

**Verlyn G. MARTH and Nina T. Marth, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 19547.**

United States Court of Appeals Ninth Circuit.

Feb. 5, 1965.

**Horace Roy RICHARDSON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 21861.**

United States Court of Appeals Fifth Circuit.

March 12, 1965.

Horace Roy Richardson, Leavenworth, Kan., for appellant.